UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAE H. OH, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CAVALRY SPV I, LLC; SCHACHTER PORTNOY LLC, *et al.*,<br><br>Defendants. | Civil Action No. 16-05127 (MF)<br><br>(*Lead*) |
| DZMITRY HRUSHKOUSKI, *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>SCHACHTER PORTNOY LLC,<br><br>Defendants. | Civil Action No. 16-06798 (MF)<br><br>(*Consolidated*) |
| ESTIMÉ DIEUVEILLE, *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>CAVALRY SPV I, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 17-02312 (MF)<br><br>(*Consolidated*) |

**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

Upon consideration of the submissions prior to and at the Final Approval Hearing scheduled pursuant to the Court's Preliminary Approval Order [Doc. 57], and for the reasons set forth on the record, the Court hereby grants final approval of the Class Settlement Agreement ("Agreement") [Docs. 55-2 and 55-3], and the Court orders and finds as follows:

A. This Court has jurisdiction over the subject matter of this lawsuit, and personal jurisdiction over Plaintiffs, the Class Members, and Defendants.

B. The following Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

>Each natural person who was named as a defendant in a Lawsuit commenced in the name of Cavalry SPV I LLC during the Class Period in an attempt to collect on a Qualifying Debt where:
>
>>**"Class Period"** means the period beginning on and including May 17, 2015 and ending on February 22, 2018;
>>
>>**"Lawsuit"** means a civil action commenced in the Superior Court of New Jersey;
>>
>>**"Qualifying Debt"** means a financial obligation owed or alleged to be owed on a credit card account sold by Bank of America, N.A., FIA Card Services, N.A., or Chase Bank USA, N.A. when either:
>>
>>>(i) the default date was at least three years before the date the Lawsuit was commenced; or
>>>
>>>(ii) the last payment on that account was at least three years and 35 days before the date the Lawsuit was commenced, or
>>>
>>>(iii) the date of charge-off as shown in the records obtained by Cavalry SPV I LLC or Cavalry Portfolio Services LLC is at least two years and 185 days before the date the Lawsuit was commenced.

C. The Class is ascertainable, is sufficiently numerous such that joinder is impracticable, there exist common questions of law and fact which predominate over any questions affecting only individual Class Members, the Plaintiffs' claims are typical of the Class Members' claims; Plaintiffs are appropriate and adequate representatives for the Class and their attorneys, Philip D. Stern, Esq. and Andrew T. Thomasson, Esq. are appointed as Class Counsel, and a class action is the superior method for the fair and efficient adjudication of the Class Members' claims.

D. The Court approved a form of notice for mailing to the Class ("Notice"). The Court is informed that actual Notice was sent by first class mail to the Class by the court-appointed Administrator, Heffler Claims Group ("Administrator"). A total of 10 Notices were returned as undeliverable by the United States Postal Service of which 2 were successfully re-mailed based on the Administrator's research to obtain updated

address information. None of the Class Members requested exclusion from, or objected to, the Settlement. A total of 40 Class Members are entitled to a share of the monetary benefits of the Settlement.

E. On November 13, 2019, the Court held a fairness hearing to which Class Members, including any with objections, were invited. Excluded from the Class are those 8 persons who did not receive the Notice or who are otherwise excluded pursuant to the Agreement.

F. The Court finds that the provisions for notice to the Class satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law

G. The Court finds that the Settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments to the Class Representatives and Class Members in accordance with the Agreement.

H. the Court being duly advised in the premises and for good cause shown:

**IT IS ORDERED AND ADJUDGED:**

1. Pursuant to Fed. R. Civ. P. 23(e)(2), the Court approves the Agreement.

2. The Parties shall comply with the terms of the Agreement and this Order.

3. The Court retains jurisdiction to enforce the terms and provisions of the Agreement and this Order.

4. The Parties having stipulated to the amount of reasonable attorney's fees and costs [Docs. 55-2 and 55-3], and the Court having reviewed Class Counsel's materials filed in support of such an award and finds the rates, times, and expenses to be reasonable and sufficiently supported by those materials, the Court awards Class Counsel $150,000.00 to be paid in accordance with the Agreement.

5.  In accordance with the Agreement, upon the Effective Date (as defined in the Agreement):

    (a)  each Class Member releases each Defendant from the Class Claims;

    (b)  each Plaintiff releases all persons from all claims arising from the conduct (including both acts and omissions) of each Defendant and of conduct by anyone acting on a Defendant's behalf (such as, but not limited to a Defendant's agents, attorneys, officers, directors, and independent contractors) up through the date this Agreement is made; and

    (c)  each Defendant releases each Plaintiff from the conduct (including both acts and omissions) of any Plaintiff and of any conduct by anyone acting on a Plaintiff's behalf (such as, but not limited to a Plaintiff's agents, attorneys, and independent contractors) up through the date this Agreement is made.

6.  In accordance with Fed. R. Civ. P. 54(b), the Court finds there is no just reason for delay of enforcement of, or appeal from, this Order.

IT IS SO ORDERED:

_____
HON. MARK FALK
Magistrate Judge, United States District Court

Dated: 11/13/19